UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : Case No. 3:10-cr-222(RNC) |
| | : |
| ROBERT RIVERNIDER | : |

MEMORANDUM

In 2013, I sentenced the defendant to 144 months' imprisonment after he pleaded guilty to fraud and conspiracy to commit fraud. This past February, he filed a motion under the First Step Act of 2018 seeking immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides for compassionate release in extraordinary and compelling circumstances. The government opposed the motion. During a telephone conference in June, the motion was denied without prejudice. This memorandum provides a written statement of the reasons for the denial.

I. Background

Defendant is currently confined at Estill Federal Correctional Institution ("FCI Estill") in South Carolina. In July 2017, he was transported from there to the Wyatt Detention Center ("Wyatt") in Rhode Island to enable him to participate in an evidentiary hearing on his petition for habeas corpus relief under 28 U.S.C. § 2255. That month, he reported chest pains. In early 2018, he had a heart attack, which required bypass surgery and follow-up medical care in Boston. Since his return

1

to FCI Estill, the defendant has reported some chest wall pain but his condition has been reported as stable.

## II. Legal Standard

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Defendant argues that his sentence may be reduced under 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted [administrative remedies], may reduce the term of imprisonment . . . if it finds that [] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.[1]

Until recently, only the Director of the Bureau of Prisons ("BOP") could move for a sentence modification under this provision. But the First Step Act enables a defendant to file a motion for compassionate release directly with the sentencing court provided he first exhausts administrative remedies. When the exhaustion requirement is satisfied, a district court may reduce the sentence if the defendant shows that (1) extraordinary and compelling circumstances warrant a reduction and (2) a reduction would be consistent with applicable

---

[1] 18 U.S.C. § 3582(c)(1)(A)(ii) permits the Court to modify a sentence when, among other things, the defendant is at least 70 years of age and has served at least 30 years in prison. Defendant does not meet these requirements.

2

Sentencing Commission policy. See First Step Act, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

Prior to the First Step Act, the Commission issued a policy statement with regard to compassionate release, which is found in U.S.S.G. § 1B1.13 and the accompanying Application Notes. The policy provides that extraordinary and compelling reasons for a sentence reduction exist under the following circumstances:

    (A)  Medical Condition of the Defendant.—

        (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . .

        (ii)   The defendant is—

            (I)    suffering from a serious physical or medical condition,

            (II)   suffering from a serious functional or cognitive impairment, or

            (III)  experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, A.N. 1 ("Application Note 1"). See United States v. Morgan, No. 14-cr-329 JCM (GWF), 2019 WL 1427538, at *2 (D. Nev. Mar. 29, 2019); see also 28 U.S.C. § 994(a)(2)(C) (authorizing the Sentencing Commission to promulgate policy statement regarding 18 U.S.C. § 3582(c)).[2]

The Commission's policy statement has not been amended to reflect that, under the First Step Act, a defendant may now move for compassionate release after exhausting administrative remedies. Nonetheless, it has guided courts in ruling on motions for compassionate release filed by defendants. See United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, *3

---

[2] Application Note 1 states that "extraordinary and compelling reasons exist under any of the circumstances set forth." U.S.S.G. § 1B1.13, A.N. 1. Thus, "the [C]ourt is not required to find that all of the criteria in Application Note 1 are met in order to grant the Motion." United States v. Dimasi, 220 F. Supp. 3d 173, 193 (D. Mass. 2016). Rather, a sentence may be reduced if any of the requirements are satisfied.

(D. Me. July 11, 2019). Like Judge Hornby in Fox, "I agree with the courts that have said that the Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change." Id.

III. Discussion

Whether the defendant satisfied the exhaustion requirement before filing his motion is disputed. He argues that he filed the motion after submitting a written request to his case worker and waiting 30 days with no response. The case worker does not recall receiving a written request from the defendant despite instructing him to submit one. There is no need to delve into this dispute because, even assuming the exhaustion requirement was satisfied before the defendant filed his motion, he has not met his burden of showing that a reduction in his sentence is warranted by extraordinary and compelling circumstances comparable to the criteria established by the Sentencing Commission.

Defendant's motion seeks relief based on the criteria set forth in U.S.S.G. § 1B1.13, Application Note 1, subdivision A (ii). He asserts that his heart condition constitutes a serious medical condition that "substantially diminishes [his] ability . . . to provide self-care" at FCI Estill, U.S.S.G. § 1B1.13, A.N. 1(A)(ii)(I). In addition, he asserts that he has not received

5

proper medical care at FCI Estill since his bypass surgery in Boston.

The defendant's assertions do not provide a basis for a finding that his medical condition meets the requirements of subdivision (A). Medical records submitted by the government in connection with this motion show that the defendant's condition has been stable. The records do not support a finding that his condition is so debilitating as to substantially diminish his ability to provide self-care. See White v. United States, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (denying motion for compassionate release by defendant who was legally blind and had osteoarthritis in both knees but did not require assistance with daily activities).

The defendant's concern about the quality of medical care provided to him at FCI Estill is not unfounded. At the time the present motion was filed, FCI Estill had failed to obtain the medical records of his bypass surgery and follow-up care and had also failed to provide him with an examination by a cardiologist despite his request. Since the motion was filed, however, these lapses have been corrected.

The defendant also relies on subdivision (D) of Application Note 1, entitled "Other Reasons." In its current form, which predates the First Step Act, this subdivision requires a determination by the Director of the BOP that there is an

extraordinary and compelling reason warranting the defendant's release other than or in combination with the reasons set forth in subdivisions (A) through (C). The defendant contends that the First Step Act eliminates the need for a statement of reasons by the BOP Director. I agree that the requirement of a statement of reasons by the BOP Director in support of compassionate release "no longer makes sense." Fox, 2019 WL 3046086, *3. Under the First Step Act, a court may reduce a sentence even if the BOP opposes the reduction. However, under the First Step Act, the court still must find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In support of his claim under subdivision (D), the defendant makes a variety of assertions: his convictions and sentence are unlawful, he has served substantially more time in prison than he expected to serve when he pleaded guilty, he has been mistreated and treated unfairly, and his minor children are suffering in his absence. None of these factors is comparable to the Commission's criteria for compassionate release. Therefore, the Court cannot find that granting the present motion would be consistent with applicable Sentencing Commission policy.

IV. Conclusion

Accordingly, the defendant's first motion for compassionate release has been denied.

Signed this 14th day of August 2019.

                                                   /s/ RNC
                                                 Robert N. Chatigny
                                        United States District Judge