

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA,

    Plaintiff,


v.                                  Case No. 3:10-cr-00222


ROBERT HENRY RIVERNIDER, JR.,

    Defendant.


MOTION TO VACATE AND DISSOLVE TRANSFER ORDER

FOR FRAUD ON THE COURT


Defendant Robert Henry Rivernider, Jr., proceeding pro se, respectfully

moves this Court for an order vacating and dissolving the transfer of

1

supervised release entered on November 22, 2024, on the grounds that the

transfer was procured through fraud on the Court and material omissions

by the supervising probation officer.

This motion is brought because the transfer order was issued without this

Court's knowledge of multiple alleged violations that predated the

transfer and which, under governing law and policy, were required to be

promptly disclosed to this Court. The withholding of this information

deprived the Court of the ability to make an informed transfer decision

and resulted in substantial prejudice to Defendant.

## I. FACTUAL BACKGROUND

1. This case originated in the District of Connecticut, where this Court

has exercised jurisdiction over Defendant for more than a decade.

2. On November 22, 2024, a transfer of supervised release was initiated and

later accepted by the Middle District of Florida. The transfer was signed

by Judge Chatigny on November 22, 2024, and accepted by Judge Barber on

January 14, 2025.

3. At the time the transfer was initiated, Probation Officer Padilla did

not disclose to this Court that he intended to pursue, or later did pursue,

alleged supervised release violations that predated the transfer.

4. After transfer, Probation Officer Padilla filed a violation complaint

in the Middle District of Florida alleging the following violations that

occurred prior to the transfer:

   a. Failure to report on November 4, 2024;

   b. Failure to file a financial report on October 18, 2024;

   c. Failure to pay restitution in May 2024, during a period when

      Defendant was incarcerated on a state case;

   d. A fourth allegation filed in August 2025, after supervised release

      had already expired.

5. These alleged violations were known, or should have been known, to the

probation officer prior to the transfer but were not disclosed to this

Court.

6. Defendant was arrested on June 23, 2025, more than one month after

supervised release had ended, and has now spent approximately seven months

in county jail, first in Marion County and currently in Orange County,

Florida.

II. FRAUD ON THE COURT AND VIOLATION OF GOVERNING AUTHORITY

7. Under Chapter 7 of the United States Sentencing Guidelines (effective

November 1, 2024), probation officers are required to report supervised

release violations promptly.

8. By waiting until January 14, 2025, to file the violation complaint and

4

by failing to disclose known alleged violations before the transfer,

Probation Officer Padilla deprived this Court of material information and

committed fraud on the Court.

9. The effect of this omission was to shift the matter to a different

district and judge unfamiliar with Defendant and the extensive history of

this case.

III. LACK OF JURISDICTION AND ILLEGAL EXTENSION OF SUPERVISED
RELEASE

10. Probation Officer Padilla testified on October 24, 2025, that he

informed Defendant on October 16, 2025, that supervised release had been

extended from May 15, 2025, to September 18, 2025.

11. Congress has never authorized probation officers to extend a court-

imposed term of supervised release or exceed the statutory maximum of

sixty months.

IV. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

1. Declare the November 22, 2024 transfer invalid due to fraud on the Court;

2. Vacate all actions taken pursuant to the improper transfer;

3. Order Defendant's immediate release;

4. Grant such other relief as the Court deems just.

Respectfully submitted,

Date: January 5, 2026

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 25041136

6

Orange County Corrections Dept.

3855 So John Young Pwky, Orlando, FL 32839

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, Jr., hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office

   450 Main Street Room 328

   Hartford, CT 06103

2. US Probation & Parole Office

   450 Main Street 7th Floor

   Hartford, CT 06103

Date: January 5, 2026

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


ADDENDUM: FRAUD ON THE COURT

(HAZEL-ATLAS GLASS CO. v. HARTFORD-EMPIRE CO.)


Defendant incorporates by reference his Motion to Vacate and Dissolve

Transfer Order and submits this Addendum to clarify the legal standard

governing fraud on the court.


In Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), the

Supreme Court held that federal courts possess inherent authority to

vacate judgments obtained through fraud on the court. Fraud on the court

occurs where an officer of the court deliberately withholds or misstates

material information that affects the judicial process itself.

Probation officers are officers of the court. The knowing omission of

material facts—specifically, the existence of alleged supervised release

violations that predated the transfer—corrupted this Court's ability to

exercise informed judgment regarding jurisdiction and transfer.

This misconduct was not mere error or negligence. It was a calculated

failure to disclose mandatory information, resulting in an improper

transfer to another district and the deprivation of Defendant's liberty.

Such conduct strikes at the integrity of the judicial process and meets

the Hazel-Atlas standard for fraud on the court.

Because fraud on the court is never waived and is not subject to time

limitations, this Court retains full authority to vacate the transfer

order and all proceedings that flowed from it.

Respectfully submitted,

Date: January 5, 2026

2

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 25041136

Orange County Corrections Dept.

3855 So John Young Pwky, Orlando, FL 32839

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, Jr., hereby certify that a copy of this filing has been sent to the following:

1.  U.S. Attorney's Office

    450 Main Street Room 328

    Hartford, CT 06103

2.  US Probation & Parole Office

    450 Main Street 7th Floor

    Hartford, CT 06103

Date: January 5, 2026

3

4

Robert Henry Rivernider, Jr

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission