UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MAR 20 2026 PM12:33
FILED-USDC-CT-HARTFORD

UNITED STATES OF AMERICA

v.

ROBERT H. RIVERNIDER

Defendant

Case No. 3:10-cr-00222 (RNC)

RENEWED EMERGENCY MOTION FOR EXPEDITED RULING AND IMMEDIATE

RELEASE,

OR ALTERNATIVELY HOME CONFINEMENT

Defendant Robert H. Rivernider, proceeding pro se, respectfully files this Renewed

Emergency Motion for Expedited Ruling and Immediate Release, or Alternatively Home

Confinement, and states as follows:

I. INTRODUCTION

1.  On January 13, 2026, Defendant filed an Emergency Motion for Release in this

    matter (the "Pending Motion"). That motion remains pending.

2.  Since filing, circumstances have materially worsened. By the time this motion

    reaches the Court, Defendant will have remained confined for approximately nine

    months while serving a revocation sentence without meaningful judicial review of

    the legality of his custody.

1

3. Continued delay risks irreparable harm through unnecessary over-service of custody and loss of meaningful prerelease planning.

4. Most importantly, the government previously did not dispute that the District of Connecticut was not informed of the alleged supervised-release violations prior to the transfer of supervision to the Middle District of Florida.

5. Because the transfer occurred without this Court being provided the factual basis for the alleged violations, the subsequent revocation proceedings raise serious jurisdictional and fairness concerns that warrant immediate review by the sentencing court.

6. Because the transfer of supervision occurred without this Court being informed of alleged violations that had already occurred, the transfer itself was obtained under materially incomplete information. A transfer of jurisdiction under 18 U.S.C. §3605 presupposes that the transferring court is provided the relevant circumstances necessary to make an informed decision regarding whether supervision should be transferred. Where the transferring court was not informed of pending or alleged violations, the validity of the transfer is called into question. If the transfer was improperly obtained, the subsequent revocation proceedings in the receiving district were conducted without proper jurisdiction. In that circumstance, continued custody based on those proceedings raises substantial concerns of unlawful detention warranting immediate review by this Court.

## II. CURRENT CUSTODY STATUS

2

7. Defendant was previously confined at Orange County Corrections Department in Orlando, Florida.

8. On March 5, 2026, Defendant was transferred by the United States Marshals Service to FDC Miami, a temporary federal detention facility.

9. Defendant has now received a Bureau of Prisons sentence computation, but the computation appears incorrect and materially overstates the amount of custody remaining.

10. Defendant's current address is:

Robert H. Rivernider

Reg. No. 96006-004

FDC Miami

Federal Detention Center

PO Box 019120

Miami, FL 33101

11. Final designation to a permanent Bureau of Prisons facility has still not been determined.

## III. SUPERVISED RELEASE EXPIRATION AND JURISDICTION

12. Defendant's term of supervised release expired on May 13, 2025.

13. This Court did not extend supervised release prior to expiration, nor was it provided notice of the alleged violations that were later relied upon in Florida.

14. Defendant was arrested on June 24, 2025.

3

15. On June 25, 2025, Defendant appeared before Judge Lammens in the Middle District of Florida.

16. On July 9, 2025, Defendant appeared before Judge Barber.

17. The revocation hearing was subsequently rescheduled multiple times and ultimately advanced to August 26, 2025.

18. A final sentencing hearing was held on December 12, 2025.

19. These proceedings were predicated on a transfer of supervision that occurred without this Court being informed of violations that allegedly occurred before the transfer request.

20. Under 18 U.S.C. §3583(i), a court retains jurisdiction to revoke supervised release after expiration only if a warrant or summons was issued before the expiration of the supervised release term.

21. Because Defendant's supervised release expired on May 13, 2025, and the arrest occurred after expiration, substantial jurisdictional concerns exist regarding the validity of the revocation proceedings.

22. In Johnson v. United States, 529 U.S. 694 (2000), the Supreme Court explained that revocation of supervised release is treated as part of the original sentence rather than punishment for a new offense.

23. However, where jurisdiction to revoke supervised release has expired, a court lacks authority to impose additional imprisonment.

IV. SENTENCE COMPUTATION AND PROJECTED RELEASE DATE

4

24. Defendant has learned that the Bureau of Prisons lists his projected release date as January 14, 2028.

25. That projected release date appears inconsistent with the lawful calculation of Defendant's sentence.

26. The sentence structure is as follows:

Original federal custody served prior to compassionate release: 80 months

Revocation sentence imposed: 36 months

Total custodial sentence: 116 months

27. Under 18 U.S.C. §3624(b), federal prisoners receive good conduct time credit which effectively results in service of approximately eighty-five percent of the imposed sentence.

28. Applying that calculation results in an effective custodial period of approximately ninety-eight months.

29. Defendant has already served approximately eighty-nine months of custody.

30. Under this calculation, Defendant has approximately nine months remaining.

31. The BOP's projected release date therefore appears to overstate the remaining custodial period and creates a risk of unlawful over-service of custody.

V. GUIDELINE RANGE

32. The advisory guideline range for the alleged supervised-release violations was 3 to 9 months.

33. By the time this motion reaches the Court, Defendant will have served approximately nine months of incarceration on the revocation sentence.

34. Continued delay therefore risks Defendant serving more time than contemplated by the applicable guideline range before judicial review occurs.

## VI. ADDITIONAL CONSTITUTIONAL CONSIDERATIONS

35. In United States v. Haymond, 139 S. Ct. 2369 (2019), the Supreme Court recognized constitutional limits on the imposition of imprisonment during supervised release revocation proceedings.

36. Additionally, Bearden v. Georgia, 461 U.S. 660 (1983), held that incarceration based solely on inability to pay financial obligations violates fundamental fairness principles.

37. These authorities underscore the need for careful judicial review where incarceration may rest on incomplete or inaccurate information.

## VII. STATUS OF RELATED PROCEEDINGS

38. The government previously argued that jurisdictional issues were being litigated in other courts.

39. That is no longer the case.

40. The appeal has been dismissed, and transcripts were denied due to a minor clerical error in a requested date combined with Defendant's inability to receive deficiency notices while in transit.

6

41. Accordingly, no appeal is presently pending that would justify delay by this Court.

## VIII. LEGAL BASIS FOR EXPEDITED ACTION

42. This Court retains inherent authority to ensure that custody resulting from proceedings connected to this case remains lawful.

43. Relief delayed may effectively become relief denied where a defendant faces short remaining time and potential over-service of custody.

## IX. REQUESTED RELIEF

WHEREFORE Defendant respectfully requests that the Court:

A. Expedite consideration of the pending Emergency Motion filed January 13, 2026;

B. Reevaluate the legality and necessity of continued confinement;

C. Order Defendant's immediate release to home confinement or other appropriate conditions; and

D. Grant any additional relief the Court deems just and proper.

Respectfully submitted,

Date: March 14, 2026

Robert Henry Rivernider, Jr

7

Robert Henry Rivernider, Jr

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Reg. No. 96006-004

FDC Miami

Federal Detention Center

PO Box 019120

Miami, FL 33101

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Renewed Emergency Motion for Expedited Ruling and Release to be served by United States Mail upon the following:

Office of the United States Attorney

District of Connecticut

157 Church Street, 25th Floor

New Haven, CT 06510

Respectfully submitted,

Robert Henry Rivernider, Jr

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Reg. No. 96006-004

FDC Miami

Federal Detention Center

PO Box 019120

Miami, FL 33101